UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:14-CR-115-TAV-HBG-2 |
| ADALBERTO TORRES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* Motion for Downward Departure for Unforeseen Collateral Consequences in Punishment as Alien Not Suffered by Identical United States Citizen (Deportable Alien Pursuant to U.S.C. § 3553) [Doc. 90]. In this motion, the defendant requests that the Court grant him a two-point downward departure from his base offense level due to his status as a deportable alien. The government responded in opposition [Doc. 94]. For the reasons explained below, the Court will deny the defendant's motion for a downward departure.

On September 17, 2015, the defendant pleaded guilty to Count One of the Indictment, charging him with conspiracy to possess with intent to distribute fifty grams or more of methamphetamine [Docs. 2, 52]. Then, on April 5, 2016, the Court sentenced the defendant to a term of eighty-eight months' imprisonment, followed by three years of supervised release [Doc. 69]. The defendant is currently in federal custody at the Adams County Correctional Center [*See* Doc. 90 p. 5]. The defendant argues that, under 18 U.S.C.

§ 3553, the Court should consider his status as an illegal alien in granting him a departure or variance below his advisory guideline range. The defendant asserts that, because of this status, he may be subject to greater punishment than similarly situated defendants who are United States citizens. For example, the defendant may be detained for several months after his term of imprisonment ends during deportation proceedings, and he is ineligible for certain benefits—e.g., work release, placement in a halfway house, and the like—which other defendants may enjoy. Furthermore, the defendant cites to circuit court decisions holding that a defendant's illegal-alien status is a proper basis for a departure or variance under § 3553(a).[1] The government responds that the Court lacks any legal authority to reduce the defendant's sentence.

The Court agrees with the government that it lacks jurisdiction to grant the relief the defendant seeks. As a general rule, "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *see also* 18 U.S.C. § 3582(c)(1)(B) (providing that "[t]he court may not modify a term of imprisonment once it has been imposed except . . . to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal

---

[1] *E.g.*, *United States v. Thavaraja*, 740 F.3d 253, 263 (2d Cir. 2014); *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009); *United States v. DeBeir*, 186 F.3d 561, 569 (4th Cir. 1999); *United States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997); *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994); *United States v. Restrepo*, 999 F.2d 640, 644 (2d Cir. 1993).

Procedure"). Here, the Court entered a final judgment against the defendant, imposing a sentence of, among other things, eighty-eight months' imprisonment [Doc. 69]. The defendant filed no post-conviction motions. *See* Fed. R. Civ. P. 35(a) (permitting the court to correct clear errors in a sentence within fourteen days after sentencing). And while the defendant filed a *pro se* direct appeal of his conviction, the Sixth Circuit dismissed that appeal as untimely [Doc. 89 p. 3]. In sum, the defendant has pointed to no statutory authority that would permit the Court to modify his judgment and sentence.

Furthermore, the Court does not find it appropriate to construe the defendant's motion as one for relief under 28 U.S.C. § 2255. That statute permits the court to vacate, set aside, or correct a sentence that was, among other possibilities, "imposed in violation of the Constitution or laws of the United States." § 2255(a). Because "[m]any *pro se* prisoners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief," district courts hold discretion to re-characterize such filings as § 2255 motions. *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002). But "[a]n unintended byproduct of this practice . . . is that it may effectively deprive an uninformed *pro se* litigant of the future opportunity to file a motion to vacate his sentence," given the strict limitations on successive § 2255 motions. *Id.* As such, the Supreme Court has held that before a court re-characterizes a post-conviction motion as one for § 2255 relief, the court must warn the *pro se* litigant of the potential consequences and permit her an opportunity to withdraw or amend the motion. *Castro v. United States*, 540 U.S. 375, 383 (2003).

Here, however, the arguments the defendant raises in his motion would not provide a proper basis for vacating or correcting his sentence under § 2255(a). Most importantly, the defendant's motion does not allege that the Court committed any error of federal constitutional or statutory law in imposing his sentence. *See Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (noting that a § 2255 petitioner must allege "an error of constitutional magnitude" or "an error of fact or law that was so fundamental as to render the entire proceeding invalid"). Nor does the defendant allege that his appointed counsel rendered ineffective assistance of counsel by failing to raise the issue of the defendant's illegal-alien status at the time of sentencing. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (noting that Sixth Amendment ineffective-assistance claims are a proper basis for § 2255 relief).[2] Rather, the defendant merely requests that the Court take certain facts into consideration in reducing a previously imposed sentence.

And even if the Court were to re-characterize his motion under § 2255, it would be necessary to permit the defendant to amend his motion (or withdraw and replace it) to add any further substantive arguments he may wish to raise. *See Castro*, 540 U.S. at 383. Thus, the more efficient course is simply to permit the defendant to file a § 2255 motion if he

---

[2] The Court notes that, under the terms of the defendant's plea agreement, he is barred from filing a § 2255 motion or otherwise collaterally attacking his sentence except on two grounds: prosecutorial misconduct or ineffective assistance of counsel [Doc. 51 ¶ 10(b)]. The defendant's motion, even construed liberally, raises neither ground.

believes that he is entitled to relief under that statute.[3] In sum, construing the defendant's motion as one for § 2255 relief would not be proper "for efficiency's sake [or] out of a sense of fairness to *pro se* petitioners." *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (quoting *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999)).

Therefore, the Court lacks statutory authority to modify the defendant's sentence. Because the Court finds that it is without jurisdiction to entertain the defendant's motion, it need not address the merits of the parties' substantive arguments. Accordingly, the defendant's motion for a downward departure [Doc. 90] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Section 2255 contains a one-year limitations period, which begins to run from the latest of four dates. *See* § 2255(f). "Of those dates, only one is relevant here: 'the date on which the judgment of conviction becomes final.'" *United States v. Simpson*, Nos. 6:04-cr-63, 6:09–cv–7065, 2010 WL 5490780, at *1 (E.D. Ky. Dec. 16, 2010) (quoting § 2255(f)(1)). While the defendant certainly filed the instant motion within one year of the earliest date at which his judgment may have become final [*see* Doc. 90], it is possible that a newly filed § 2255 motion would fall outside the one-year period. Addressing the merits of that issue here would be premature. Nonetheless, given the particular circumstances of this case—including the fact that the Court's disposition of the defendant's motion was delayed by ordering the government to respond [Doc. 91], and then by permitting the government an extension of time to respond [Doc. 93]—the Court notes that the defendant might well be entitled to equitable tolling of the § 2255 statute of limitations, were it to render his motion untimely. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (noting that "[t]he doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control'" (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000))); *see also United States v. Sferrazza*, 645 F. App'x 399, 408 (6th Cir. 2016) (noting that the § 2255 limitations period is subject to equitable tolling). But because a § 2255 petitioner must show that, among other things, she pursued her rights diligently, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the defendant must act promptly in filing a § 2255 motion to be entitled to equitable tolling.